UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    **NOT FOR PUBLICATION**

MAJOR C. SEABURY,

                                 **MEMORANDUM & ORDER**
                Plaintiff,                          10-CV-1128 (NGG)

          -against-

THE UNITED STATES OF AMERICA
AND THE STATE OF NEW YORK,

              Defendants.
-----------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

On March 12, 2010, pro se Plaintiff Major C. Seabury ("Plaintiff") filed this action against the United States and the State of New York seeking damages for alleged violations of his federal and state constitutional rights. (Compl. (Docket Entry #1).) The court dismisses the Complaint sua sponte as set forth below.

I.     **BACKGROUND**

In May 2006, Plaintiff filed a complaint against the "People of the State of New York" and the counties of Suffolk and Nassau challenging a 1997 conviction for driving while intoxicated. See Seabury v. People of the State of New York, et al., No. 06-CV-2539 (NGG) (LB) ("Seabury I") (Docket Entry #1). By Order dated March 21, 2007, the court adopted Magistrate Judge Lois Bloom's Report and Recommendation, and granted Defendants' motion to dismiss Plaintiff's action. Seabury I (Docket Entry #26). Plaintiff did not file a notice of appeal. Instead, after waiting almost three years, he filed a motion to re-open the case and for a default judgment, reciting a litany of "clerical errors" which he claimed voided the orders and judgments that had been issued in the case. By Order dated March 4, 2010, the court denied Plaintiff's

motions. Seabury I (Docket Entry #32).

In his latest Complaint, Plaintiff purports to allege new violations of his federal and state constitutional rights. (See Compl. (Docket Entry #1).) He makes repeated references to his prior action in this court, as well as numerous other state court actions, claiming that clerical errors invalidated the orders and judgments issued in those cases. These are, in substance, precisely the same arguments he made in his motion to reopen his prior case in this court. Because these orders and judgments were allegedly defective, he claims that he has not been served with "certified" or "Authentic and Original" orders and judgments in those actions. (Compl. 4.) Plaintiff seeks monetary damages and injunctive relief. (Compl. 47.)

## II. DISCUSSION

In reviewing Plaintiff's Complaint, the court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Even so, a district court may dismiss a case, sua sponte, if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); see also Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

Plaintiff's Complaint is clearly frivolous. The named Defendants are immune from suit – the United States under the doctrine of sovereign immunity, and the State of New York under the Eleventh Amendment. United States v. Sherwood, 312 U.S. 584, 586 (1941) (sovereign

immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (Eleventh Amendment).  Furthermore, Plaintiff cannot relitigate his prior cases by filing this new action.

## III. CONCLUSION

Accordingly, Plaintiff's Complaint is dismissed without prejudice.  Although Plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
       March 18 , 2010

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge